UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 19-214 |
| ANDREW PAYTON | SECTION: D (3) |

### ORDER AND REASONS

Before the Court is a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed by Andrew Payton.[1] The United States of America opposes the Motion,[2] and Payton has filed a Reply.[3] Payton has also filed a Supplemental Memorandum in further support of his Motion.[4]

After careful consideration of the parties' memoranda and the applicable law, the Motion is **DENIED.**

### I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner Andrew Payton ("Payton") was convicted in this Court after he pled guilty pursuant to a plea agreement to one count of possession with intent to distribute 500 grams or more of cocaine hydrochloride in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) on March 29, 2022.[5] Pursuant to the plea agreement, the other

---

[1] R. Doc. 108.
[2] R. Doc. 112.
[3] R. Docs. 118 & 119. The Court notes that R. Doc. 119 appears to be a typed copy of the handwritten Reply brief filed into the record as R. Doc. 118. According to the Cover Letter on the earlier filed Reply brief, Petitioner submitted a handwritten Reply brief because the library at the facility where he is housed was closed for several weeks. R. Doc. 118-1. Petitioner further asserts that he will submit a typed copy as soon as the library opens. *Id.*
[4] R. Doc. 120.
[5] R. Docs. 54 & 56.

four counts of the five-count Indictment were dismissed by the Government at the time of sentencing.[6]

On June 28, 2022 the Court held a Sentencing Hearing in this matter.[7] Prior to the hearing, counsel for Payton filed three objections to the Presentence Report ("PSR"), which the Court addressed during the hearing.[8] Specifically, Payton's counsel objected to "The Offense Conduct" in the PSR, which mentions that additional controlled substances and a firearm were found during the search of a residence, on the grounds that the allegations were not contained in the Factual Basis filed by the Government and agreed to by Payton, and because the allegations will prevent Payton from participating in a rehabilitation program.[9] Payton's counsel also objected to the PSR's statement that Payton is ineligible for the safety valve, pursuant to U.S.S.G. § 5C1.2(a)(2) and 18 U.S.C. § 3553(f), based upon his possession of that firearm.[10] Finally, Payton's counsel objected to the two-point enhancement applied pursuant to U.S.S.G. § 2D1.1(b)(1) based upon Payton's possession of the firearm.[11]

After hearing from counsel during the sentencing hearing, the Court overruled all three of the objections.[12] In determining Payton's sentence, the Court applied a career offender enhancement pursuant to U.S.S.G. §4(B)1.1(a) based upon Payton's two prior felony drug offenses. Specifically, Payton was convicted in 2006 of

---

[6] R. Doc. 70.
[7] R. Doc. 71 at p. 1.
[8] *See* R. Docs. 63 & 98 at pp. 6–13.
[9] R. Doc. 63 at p. 1.
[10] *Id.*
[11] *Id.* at p. 2.
[12] R. Doc. 70; R. Doc. 98 at pp. 6–13.

possession with intent to distribute marijuana under Louisiana law and he was convicted in 2007 of possession with the intent to distribute cocaine under Louisiana law.[13]  Accordingly, the Court calculated the advisory guideline range as being 188 to 235 months based on an offense level of 31 and a criminal history category of VI.[14] The Court then granted Payton's request for a downward variance and sentenced Payton to 168 months.[15]

Payton appealed his sentence to the United States Court of Appeals for the Fifth Circuit.[16]  On appeal, Payton argued that this Court erred in concluding that he is a career offender because his state convictions cannot be used to support the career offender enhancement.[17]  Specifically, Payton asserted that his prior marijuana conviction does not qualify as a predicate offense because marijuana has been removed from the federal Controlled Substances Act ("CSA").[18]  On February 13, 2023, the Fifth Circuit dismissed the appeal because Payton had waived his right to appeal in his Plea Agreement.[19]  Payton filed a Writ of Certiorari with the Supreme Court, which was denied on June 12, 2023.[20]

On March 25, 2024, Payton timely filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Asid, or Correct Sentence by a Person in Federal Custody.[21]  Payton

---

[13] R. Doc. 98 at pp. 17–19.
[14] *Id*. at pp. 17–20 & 24–25.  The Court notes that Payton did not object to the calculation of his offense level or criminal history category.
[15] *Id*. at pp. 26–47.
[16] R. Doc. 75.
[17] *Id*.
[18] *Id*. at p. 2.
[19] R. Doc. 106.  *See* R. Doc. 108 at p. 2; R. Doc. 56 at pp. 2–3; R. Doc. 112 at p. 1, n.1 & p. 2.
[20] R. Doc. 107.
[21] R. Doc. 108.

raises only one ground for relief – ineffective assistance of counsel.[22]  Payton asserts that his counsel was ineffective because he failed to object to the PSR's categorization of him as a career offender and the application of the career offender enhancement.[23] Payton argues that his prior felony convictions cannot be used as predicate offenses for the U.S.S.G. §4B1.1 career offender enhancement because the Louisiana statutes criminalized a broader range of conduct than the CSA at the time of his federal conviction and sentencing.[24]  Payton asserts that the Fifth Circuit takes a categorial approach in determining whether a prior conviction qualifies as a "controlled substance offense" under U.S.S.G. §4B1.2(a), which requires that the elements of the prior conviction be the same as, or more narrow than, the elements of the generic offense for the prior conviction to constitute a "controlled substance offense."[25] Payton claims that the Fifth Circuit has held that the term "generic offense" is defined with reference to the CSA, meaning that the Government must establish that the substance underlying the prior drug conviction is covered by the CSA for an offense to be a categorial match and serve as a predicate offense for career offender purposes.[26]

Applying these principles, Payton asserts that the Louisiana law under which he was convicted for the marijuana offense[27] included hemp within its definition of

---

[22] *Id.* at p. 4; R. Doc. 108-1 at pp. 3–16.
[23]  R. Doc. 108-1 at p. 3.
[24] *Id.* at p. 4.
[25] *Id.* at pp. 4–6.
[26] *Id.* at p. 6 (citing *United States v. Gomez-Alvarez*, 781 F.3d 787, 793–94 (5th Cir. 2015)).
[27] According to Payton, that was La. R.S. 40:961, which was effective through July 31, 2019.  R. Doc. 108-1 at p. 9.

marijuana, and hemp was removed from CSA's definition of marijuana in 2018.[28] Thus, Payton argues that because the Louisiana statute did not exclude hemp from the definition of marijuana at the time of his federal conviction in 2022, the statute was broader than the CSA's definition of marijuana and, therefore, cannot be used as a predicate offense for the career offender enhancement.[29] Payton likewise asserts that the Louisiana law under which he was convicted for the cocaine offense [30] included the cocaine-derivative substance, Ioflupane, within the definition of cocaine, and that Ioflupane was removed from CSA's definition of cocaine in 2015.[31] As such, Payton claims that at the time of his federal conviction in 2022, his Louisiana conviction for cocaine possession included a substance that the CSA did not include and, as such, it cannot be used as a predicate offense for the career offender enhancement.[32]

Payton argues that his counsel's failure to object to the career offender enhancement on this basis constitutes deficient representation and that he was prejudiced because he would have received a lower sentence had his counsel made that objection.[33] Payton claims that without the enhancement, his offense level would have been 25, his criminal history category would have been V, and his guideline range would have been 100 to 125 months.[34] Payton further claims that "it is

---

[28] R. Doc. 108-1 at pp. 7–9.
[29] *Id.* at p. 9.
[30] According to Payton, that was La. R.S. 40:964, which was effective from August 15, 2006 to August 14, 2008. *Id.* at p. 10.
[31] *Id.* Payton asserts that Louisiana's statute was not amended to exclude Ioflupane until 2016. *Id.*
[32] *Id.* at pp. 10–11.
[33] *Id.* at pp. 11– 13.
[34] *Id.* at pp. 13–14.

reasonably probable that the district court would have imposed the same 20-month downward variance for the staleness of Mr. Payton's criminal history, thereby imposing a sentence as low as 80-months."[35] Payton asks the Court to determine that he is not a career offender, determine that his two prior felony convictions are overly broad and cannot be used to apply the career offender enhancement, determine that his counsel was ineffective, vacate his sentence, and resentence him without consideration of the career offender enhancement.[36] Payton specifically asks the Court to apply the same downward variance and to impose a sentence of 80 months' imprisonment.[37]

The Government opposes the Motion, arguing that Payton's ineffective assistance of counsel claim is meritless because at the time of his sentencing there was no controlling authority indicating that prior convictions under Louisiana's marijuana and cocaine statutes could not serve as predicate offenses for the career offender enhancement in U.S.S.G. §4B1.1.[38] The Government also asserts that there is a circuit split regarding whether the CSA should be read into §4B1.2(b)'s definition of "controlled substance offense," such that a "controlled substance offense" is one involving a "controlled substance" as defined by the CSA.[39] The Government argues that if the CSA does apply to §4B1.2(b), then this Court should apply the version of the CSA that existed at the time of Payton's 2006 and 2007 convictions, which

---

[35] *Id.* at p. 14.
[36] *Id.* at p. 15.
[37] *Id.*
[38] R. Doc. 112 at pp. 2, 4, & 7–8.
[39] *Id.* at pp. 7–8.

included hemp and Ioflupane in the definitions of marijuana and cocaine, respectively.[40] The Government argues that failing to apply the CSA as it existed at the time of Payton's state convictions would lead to absurd and unjust results, whereby defendants sentenced before 2018 for the same crimes as Payton would have received the enhancement under §4B1.1(a).[41] The Government further asserts that, regardless of which version of the CSA this Court applies to §4B1.2(b), Payton has failed to show that Louisiana's definition of "marijuana" was overbroad because the Government has not found any Louisiana cases where defendants were actually convicted for distribution of hemp under La. R.S. 40:966(a)(1).[42] Finally, the Government points out that the charging and plea documents from Payton's 2006 and 2007 drug convictions reference only his possession with the intent to distribute marijuana and cocaine, and do not mention hemp or Ioflupane.[43] Accordingly, the Government contends that the parties are engaging in a "legal fiction"[44] and that it would lead to an "absurd result if this conviction for PWIT of Marijuana could magically turn into a conviction of PWIT Hemp."[45]

In his Reply brief, Payton cites a recent Supreme Court opinion, *Brown v. United States,* to support his position that his two prior Louisiana convictions cannot be used to apply the career offender enhancement.[46]

---

[40] *Id.* at pp. 9–12.
[41] *Id.* at pp. 2 & 11.
[42] *Id.* at pp. 12–14.
[43] *Id.* at pp. 14–15.
[44] *Id.* at p. 11.
[45] *Id.* at p. 15.
[46] R. Doc. 119 at pp. 3–7 (citing *Brown*, 602 U.S. 101, 144 S.Ct. 1195, 218 L.Ed.2d 583 (2024)).

In his Supplemental Memorandum, Payton asserts that the Fifth Circuit's recent opinion in *United States v. Minor* also supports his position that his sentence should be vacated because his two prior convictions cannot serve as predicates for the career offender enhancement.[47]

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255, a federal prisoner serving a court-imposed sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence."[48] The statute sets forth four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence "is otherwise subject to collateral attack." [49] "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."[50] Importantly, "[a] defendant 'may not raise an issue [constitutional or jurisdictional in nature] for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from that error.'"[51] "[W]here a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in a § 2255 motion only if the petitioner can first

---

[47] R. Doc. 120 (citing *Minor*, 121 F.4th 1085 (5th Cir. 2024)).
[48] 28 U.S.C. § 2255(a).
[49] *Id.*
[50] *United States v. Gaudet*, 81 F.3d 585 (5th Cir. 1996) (quoting *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994)).
[51] *Segler*, 37 F.3d at 1133 (5th Cir. 1994) (quoting *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (en banc)).

demonstrate either (1) cause and prejudice, or (2) that he is 'actually innocent' of the crime for which he was convicted."[52] A defendant can establish good cause for his procedural default "by proving ineffective assistance of counsel in violation of the Sixth Amendment of the Constitution."[53]

To establish a claim of constitutionally ineffective assistance of counsel, a petitioner must show both: (1) that his counsel's performance was deficient; and (2) that the deficiency prejudiced his defense.[54] To satisfy the first prong of the *Strickland* test, the Court must "compare counsel's performance to an objective standard of reasonableness, mindful of the strong presumption of adequacy."[55] To satisfy the second prong of the *Strickland* test, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, and that counsel's errors were so serious that they rendered the proceedings unfair or the result unreliable."[56] A petitioner must meet both prongs of the *Strickland* test, and if the petitioner makes an insufficient showing as to either prong, the court may dispose of the claim without addressing the other prong.[57]

---

[52] *United States v. Sorrells*, 145 F.3d 744, 749 (5th Cir. 1998) (citing *Bousley v. United States*, 523 U.S. 614, 622, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)).
[53] *United States v. Mackey*, 299 F. Supp. 2d 636, 640 (E.D. La. 2004) (quoting *Pickney v. Cain*, 337 F.3d 542, 545 (5th Cir. 2003)).
[54] *Strickland v. Washington*, 466 U.S. 668, 687–96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
[55] *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997).
[56] *United States v. Chavez*, 193 F.3d 375, 378 (5th Cir. 1999) (citing *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993)).
[57] *See Strickland*, 466 U.S. at 697, 104 S.Ct. 2052 ("[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one.").

After conducting a preliminary review of a § 2255 motion, "[i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."[58] If, however, the motion is not dismissed, "the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."[59]

Pursuant to § 2255, an evidentiary hearing must be held unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[60] Thus, no evidentiary hearing is required if the petitioner fails to produce any "independent indicia of the likely merit of [his] allegations."[61] The petitioner bears the burden of establishing his claims of error by a preponderance of the evidence.[62] If a court finds that the a petitioner's "judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack,"[63] the district court "shall vacate and set the judgment aside and shall

---

[58] Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 4(b).
[59] *Id.*
[60] 28 U.S.C. § 2255(b).
[61] *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)) (internal quotation marks omitted).
[62] *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980) (citing *United States v. Kastenbaum*, 613 F.2d 86, 89 (5th Cir. 1980)).
[63] 28 U.S.C. § 2255(b).

discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."[64]

### III. ANALYSIS

Payton argues that he received ineffective assistance of counsel because his counsel failed to object to the use of his prior convictions as predicates for the application of the career offender enhancement set forth in U.S.S.G. §4B1.1(a).[65] Under §4B1.1(a) of the 2022 United States Sentencing Guidelines,[66] "[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."[67] Further, §4B1.2(b) defines a "controlled substance offense," in pertinent part, as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." [68] The Fifth Circuit has held that while the

---

[64] *Id.*
[65] R. Doc. 108-1 at p. 11.
[66] "Generally, a district court must apply the version of the Sentencing Guidelines in effect at the time of sentencing." *United States v. Reyna-Aragon*, 992 F.3d 381, 386 (5th Cir. 2021) (citing *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999)).
[67] U.S. SENT'G GUIDELINES MANUAL, § 4B1.1(a) (U.S. SENT'G COMM'N 2022).
[68] U.S. SENT'G GUIDELINES MANUAL, § 4B1.2(b) (U.S. SENT'G COMM'N 2022).

Guidelines do not define "controlled substance," "we define 'controlled substance,' as used in the Guidelines, by looking to the definition supplied by the CSA."[69]

The Fifth Circuit applies a "categorical approach" to determine whether a prior conviction qualifies as a predicate offense for sentence enhancement purposes, looking to the elements of a prior offense rather than the facts underlying the conviction.[70] "If the statutory definition of the prior offense criminalizes some conduct that would not constitute a qualifying offense for enhancement, then the 'statute is not a categorical fit.'"[71] According to the Fifth Circuit, "Under the categorical approach, a prior conviction cannot serve as a predicate offense under the Career Offender Guideline provision if the 'crime of conviction criminalizes a greater swath of conduct than the elements of the relevant Guidelines offense."[72]

Here, the parties agree that Payton's predicate marijuana and cocaine offenses aligned with the Guidelines' definition of "controlled substance offense" in effect at the time of his predicate sentencings. The parties also agree that those prior offenses criminalized a broader swath of conduct than the Guidelines' definition of "controlled substance offense" in effect at the time of Payton's sentencing in 2022 because the Agriculture Improvement Act removed "hemp" from the CSA's definition of

---

[69] *United States v. Minor*, 121 F.4th 1085, 1089 (5th Cir. 2024) (citing authority). The Fifth Circuit noted, however, that "The parties both agree that the definition of 'controlled substance offense' is defined by reference to the CSA. The government points out, however, that we have not previously had occasion to do so for Guideline § 4B1.2." *Id.* at 1089, n.2.
[70] *United States v. Gomez-Alvarez*, 781 F.3d 787, 792 (5th Cir. 2015) (citing *Taylor v. United States*, 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990)).
[71] *Gomez-Alvarez*, 781 F.3d at 792 (quoting *United States v. Leal-Vega*, 680 F.3d 1160, 1164 (9th Cir. 2012)).
[72] *Minor*, 121 F.4th at 1089 (quoting *United States v. Hinkle*, 832 F.3d 569, 576–77 (5th Cir. 2016)) (internal quotation marks omitted).

marijuana in 2018,[73] and Ioflupane was removed from the schedules of the CSA in 2015.[74] Accordingly, the question before the Court is whether the Court must compare Payton's predicate convictions to the CSA's definition of "controlled substance" that was in effect at the time of prior sentencings or the definition that was in effect at the time of his 2022 sentencing in this matter. Payton argues that the predicate convictions must be compared to the CSA's definition of "controlled substance" in effect at the time of his 2022 sentencing, while the Government argues for a backward-looking approach of comparing the predicate offenses to the CSA's definition of "controlled substance" at the time of the predicate sentencings.

As the Government correctly points out, the Fifth Circuit had not yet weighed in on this issue at the time of Payton's sentencing in June 2022. In fact, in an opinion issued on April 26, 2022, the Fifth Circuit held that, "this Court has never held that a pre-2018 predicate conviction does not qualify as a 'controlled substance offense' for purposes of the career offender guideline because hemp was subsequently removed from the CSA prior to the time of federal sentencing."[75] The Fifth Circuit specifically stated that "the case law in this circuit in unsettled" on this issue.[76] However, the Fifth Circuit squarely addressed the issue in its November 20, 2024 opinion in *United States v. Minor*, concluding that in determining whether to apply the career offender

---

[73] *Minor*, 121 F.4th 1089 (*citing* 21 U.S.C. § 802(16)(B)(i)).
[74] 21 C.F.R. § 1308.12(b)(4)(ii). *See* Schedules of Controlled Substances: Removal of [123 I]Ioflupane From Schedule II of the Controlled Substances Act, 80 FR 54715-01, 2015 WL 5265212 (Sept. 11, 2015).
[75] *United States v. Belducea-Mancinas*, Case No. 20-50929, 2022 WL 1223800, at *1 (5th Cir. April 26, 2022) (per curiam) (citing *United States v. Nava*, Case No. 21-50165, 2021 WL 509576, at *2 (5th Cir. Nov. 2, 2021)).
[76] *Belducea-Mancinas*, Case No. 20-50929, 2022 WL 1223800 at *1.

enhancement, courts must compare a defendant's predicate convictions to the CSA's definition of "controlled substance" in effect at the time of the sentencing at which the enhancement is being considered.[77] In *Minor,* the Fifth Circuit found that both the text of the Sentencing Reform Act and the Guidelines supported this approach.[78] As explained by the Fifth Circuit:

> The Sentencing Reform Act states that, when imposing a sentence, courts should consider the Guidelines and any pertinent policy statements that are "in effect on the date the defendant is sentenced." 18 U.S.C. §§ 3553(a)(4)(A)(ii) and (a)(5)(B). Likewise, the Guidelines instruct courts to "use the Guidelines Manual in effect on the date that the defendant is sentenced." Guideline § 1B1.11(a). Although the Guidelines do not define "controlled substance," as discussed above, our precedent directs us to use the definition supplied by the CSA. *See Gomez-Alvarez*, 781 F.3d at 792 –94. So, applying the Guidelines in effect at the time of current sentencing means incorporating the CSA's definition of "controlled substance" in effect at the time of current sentencing.[79]

The Fifth Circuit further found that, "the Guidelines' general reference to 'controlled substance' weighs in favor of applying the definition of that term 'as it exists whenever a question under the statute arises"–i.e., sentencing for the instant offense."[80] As such, the Fifth Circuit held that when applying U.S.S.G §4B1.1, "once the elements of the prior felony convictions have been determined, the second step is to compare them to the Guidelines' definition of 'controlled substance offense.' As

---

[77] *United States v. Minor,* 121 F.4th 1085, 1089 (5th Cir. 2024).
[78] *Id.*
[79] *Id.* at 189–90 (citing *United States v. Gomez-Alvarez*, 781 F.3d 787 (5th Cir. 2015)).
[80] *Minor*, 121 F.4th at 1090 (quoting *Jam v. Int'l Fin. Corp.*, 586 U.S. 199, 209, 139 S.Ct. 759, 203 L.Ed.2d 53 (2019)).

discussed above, the relevant definition for comparison purposes is the one in effect at the time of the current sentencing."[81]

Returning to the instant Motion, Payton asserts that his sentence should be vacated on the basis of ineffective assistance of counsel because his counsel failed to object to the career offender enhancement on the basis that, at the time of his 2022 sentencing, his prior convictions did not categorically qualify as predicate convictions for "controlled substance offenses."[82] Under *Strickland v. Washington,* counsel's performance is deficient when it falls below an objective standard of reasonableness.[83] "When ineffectiveness claims relate to counsel's performance at sentencing, *Strickland'*s deficiency prong is met when counsel fails to 'research facts and law and raise meritorious arguments based on controlling precedent.'"[84] According to the Fifth Circuit, "a reasonable attorney has an obligation to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful. Solid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention."[85]

The Court finds that Payton has failed to show that his counsel's actions fell below an objective standard of reasonableness. As the Fifth Circuit made clear in *United States v. Belducea-Mancinas,*[86] at the time of Payton's 2022 sentencing, there

---

[81] *Minor*, 121 F.4th at 1090.
[82] *See* R. Docs. 108 & 108-1.
[83] *Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).
[84] *United States v. Djuga*, Civ. A. No. 14-140, 2020 WL 1663126, at *3 (E.D. La. Apr. 3, 2020) (Africk, J.) (quoting *United States v. Cunningham*, Civ. A. No. 12-3147, 2013 WL 3899335, at *7 (S.D. Tex. July 27, 2013) (citing *United States v. Fields*, 565 F.3d 290, 296 (5th Cir. 2009))).
[85] *United States v. Williamson*, 183 F.3d 458, 462§63 (5th Cir. 1999) (internal citations omitted).
[86] *United States v. Belducea-Mancinas*, Case No. 20-50929, 2022 WL 1223800, at *1 (5th Cir. Apr. 26, 2022).

was no controlling precedent from the Fifth Circuit indicating that Payton's prior convictions could not serve as predicate offenses for purposes of the career offender enhancement in §4B1.1(a) based upon the changes made to the CSA's definition of "controlled substance." As such, Payton's counsel was not deficient in failing to raise an objection to the application of the career offender enhancement. While the Fifth Circuit's decision in *Minor*, which involved a direct appeal, clarifies how courts must apply the career offender enhancement in future sentencings, it does not stand for the proposition that a failure by counsel to object to the enhancement based upon changes to the CSA's definition of "controlled substance" suffices to meet the deficiency prong of an ineffective assistance of counsel claim raised in a motion to vacate under 28 U.S.C. § 2255. Because Payton has failed to establish the first prong of the *Strickland* test for ineffective assistance of counsel, the Court need not address the second prong, which asks whether counsel's deficient performance prejudiced the defense.[87]

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [88] is **DENIED**.

New Orleans, Louisiana, January 28, 2025.

*Wendy B. Vitter*
**WENDY B. VITTER**
**United States District Judge**

---

[87] *See Strickland*, 466 U.S. at 697, 104 S.Ct. 2052 ("[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one.").
[88] R. Doc. 108.