## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA**                    **CRIMINAL ACTION**

**VERSUS**                                      **NO. 19-214**

**ANDREW PAYTON**                               **SECTION: "D"**

## ORDER AND REASONS

Before the Court is a Motion for a Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A), filed by the Defendant Andrew Payton ("Payton").[1] The United States of America opposes the Motion.[2] After careful consideration of the parties' memoranda and the applicable law, the Motion is **DENIED.**

### I.    FACTUAL AND PROCEDURAL BACKGROUND

Defendant Andrew Payton ("Payton") was convicted in this Court after he pled guilty pursuant to a plea agreement to one count of possession with intent to distribute 500 grams or more of cocaine hydrochloride in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) on March 29, 2022.[3] Pursuant to the plea agreement, the other four counts of the five-count Indictment were dismissed by the Government at the time of sentencing.[4]

On June 28, 2022, the Court held a Sentencing Hearing in this matter.[5] Prior to the hearing, counsel for Payton filed three objections to the Presentence Report

---

[1] R. Doc. 124
[2] R. Doc. 126.
[3] R. Doc. 54; R. Doc. 56.
[4] R. Doc. 1; R. Doc. 70.
[5] R. Doc. 71 at p. 1.

("PSR"), which the Court addressed during the hearing.[6]  Specifically, Payton's counsel objected to "The Offense Conduct" in the PSR, which mentions that additional controlled substances and a firearm were found during the search of a residence, on the grounds that the allegations were not contained in the Factual Basis filed by the Government and agreed to by Payton, and because the allegations will prevent Payton from participating in a rehabilitation program.[7]  Payton's counsel also objected to the PSR's statement that Payton is ineligible for the safety valve, pursuant to U.S.S.G. § 5C1.2(a)(2) and 18 U.S.C. § 3553(f), based upon his possession of that firearm.[8]  Finally, Payton's counsel objected to the two-point enhancement applied pursuant to U.S.S.G. § 2D1.1(b)(1) based upon Payton's possession of the firearm.[9]

After hearing from counsel during the sentencing hearing, the Court overruled all three of the objections.[10]  In determining Payton's sentence, the Court applied U.S.S.G. §2D1.1(c)(7) to calculate Payton's base offense level of 26.[11] From there, the Court applied a two level enhancement for possessing a firearm pursuant to U.S.S.G. §2D1.1(b), bringing Payton's offense level to 28.[12] Subsequently, the Court applied a career offender enhancement pursuant to U.S.S.G. §4B1.1(a) based upon Payton's two prior felony drug offenses.[13]  Specifically, Payton was convicted in 2006 of

---

[6] *See* R. Doc. 63; R. Doc. 98 at pp. 6–13.
[7] R. Doc. 63 at p. 1.
[8] *Id.*
[9] *Id.* at p. 2.
[10] R. Doc. 70; R. Doc. 98 at pp. 6–13.
[11] R. Doc. 98 at p. 18.
[12] *Id.*
[13] *Id.* at pp. 18–20.

possession with intent to distribute marijuana under Louisiana law and he was convicted in 2007 of possession with the intent to distribute cocaine under Louisiana law.[14] Thus, pursuant to U.S.S.G. §4B1.1(b), the Court calculated Payton's offense level to be 34.[15] Lastly, the Court determined that a three-level reduction was warranted pursuant to U.S.S.G. §§ 3E1.1(a) and 1.1(b), giving Payton a total offense level of 31.[16] The Court accordingly calculated the advisory guideline range as being 188 to 235 months based on an offense level of 31 and a criminal history category of VI.[17]  The Court then granted Payton's request for a downward variance and sentenced Payton to 168 months.[18]

Payton appealed his sentence to the United States Court of Appeals for the Fifth Circuit.[19]  On appeal, Payton argued that this Court erred in concluding that he is a career offender because his state convictions cannot be used to support the career offender enhancement.[20]  Payton specifically asserted that his prior marijuana conviction does not qualify as a predicate offense because marijuana has been removed from the federal Controlled Substances Act ("CSA").[21]  On February 13, 2023, the Fifth Circuit dismissed the appeal because Payton had waived his right to appeal in his Plea Agreement.[22]  Payton filed a *Writ of Certiorari* with the Supreme

---

[14] *Id*. at pp. 17–19.
[15] *Id*. at p. 18.
[16] *Id*. at p. 19.
[17] *Id*. at pp. 17–20 & 24–25; R. Doc. 70.
[18] R. Doc. 98 at pp. 26–47.
[19] R. Doc. 75.
[20] *Id*.
[21] *Id*. at p. 2.
[22] R. Doc. 106.  *See* R. Doc. 108 at p. 2; R. Doc. 56 at pp. 2–3; R. Doc. 112 at p. 1, n.1 & p. 2.

Court, which was denied on June 12, 2023.[23]  On March 25, 2024, Payton timely filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.[24]  The Court denied such Motion.[25]

On May 19, 2025, Payton filed this instant Motion for a Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A).[26] Payton first contends that he has exhausted all his administrative remedies as required by § 3582(c)(1)(A), thereby making his Motion properly before this Court.[27] Next, Payton asserts that, pursuant to extraordinary and compelling circumstances as defined under United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13, he is entitled to a reduction of his sentence.[28] He specifically points to the Fifth Circuit's decision in *United States v. Minor*[29] to claim that, if sentenced today, he would not be a "career offender" pursuant to U.S.S.G. § 4B1.1 because his prior 2006 possession with intent to distribute marijuana under Louisiana law and his 2007 conviction of possession with the intent to distribute cocaine under Louisiana law no longer constitute predicate offenses for the career offender designation under the Armed Career Criminal Act.[30]

Moreover, Payton asserts that the 18 U.S.C. § 3553(a) sentencing factors weigh in favor of a sentence reduction.[31] He specifically maintains that his participation and completion of various Evidence Based Recidivism Reduction programs demonstrate

---

[23] R. Doc. 107.
[24] R. Doc. 108.
[25] R. Doc. 121.
[26] R. Doc. 124.
[27] *Id.* at p. 5.
[28] *Id.* at pp. 5–7.
[29] 121 F.4th 1089 (5th Cir. 2024).
[30] R. Doc. 124 at pp. 7–12.
[31] *Id.* at p. 12.

his eligibility for sentence reduction.[32] Payton highlights that he currently serves as an "orderly at the Education Department[,]" where he has completed programs such as "ACT work keys" and earned a technical diploma in business technology.[33] He also notes that he is participating in the "Seven Habits" program, a program only for dependable, responsible, and trustworthy inmates, according to Payton.[34] And as a final point, Payton invokes the Supreme Court's decision in *Concepcion v. United States*[35] to demonstrate why the § 3553(a) factors weigh in favor of a sentence reduction.[36]

The Government opposes the Motion.[37] While the Government acknowledges that Payton has exhausted his administrative remedies, it argues that a sentence reduction is unwarranted because Payton has not presented any extraordinary or compelling reasons to qualify for a sentence reduction.[38] The Government does not dispute that Payton's 2006 conviction and 2007 conviction would no longer qualify as predicate offenses under *United States v. Minor*.[39] Instead, the Government asserts that the Fifth Circuit has determined that non-retroactive changes in the law do not constitute compelling or extraordinary circumstances under § 3582(c)(1)(A).[40]

The Government also asserts that even if Payton could demonstrate extraordinary and compelling circumstances, the § 3553(a) factors weigh against a

---

[32] *Id.* at p. 13.
[33] *Id.*
[34] *Id.*
[35] 597 U.S. 481 (2022).
[36] R. Doc. 124 at p. 14.
[37] R. Doc. 126.
[38] *Id.* at pp. 1–2.
[39] *Id.* at p. 4.
[40] *Id.*

sentence reduction.[41] The Government specifically highlights Payton's criminal history, namely his convictions for distribution of illegal drugs and manslaughter.[42] The Government also believes that Payton's criminal conduct has increased throughout the years and that the instant conviction demonstrates that Payton has further immersed himself in criminal activity.[43] Accordingly, the Government claims that "the § 3553(a) factors—most notably, the nature and circumstances of the offense, the need for the sentence imposed to provide just punishment for the offense, the need for the sentence imposed to afford adequate deterrence to criminal conduct, and the need for the sentence imposed to protect the public from further crimes of the defendant—weigh against a sentence reduction."[44] Thus, according to the Government, Payton's motion should be denied.[45]

## II.    LEGAL STANDARD

A judgment of conviction imposing an imprisonment sentence "'constitutes a final judgment' and may not be modified by a district court except in limited circumstances."[46] Section 3582(c)(1)(A) demonstrates one of these limited circumstances[47] and provides, in pertinent part:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the

---

[41] *Id.*

[42] *Id.*

[43] *Id.* at p. 5.

[44] *Id.*

[45] *Id.*

[46] *Dillon v. United States*, 560 U.S. 817, 824 (2010)(quoting 18 U.S.C. § 3582(b)).

[47] *United States v. Escajeda*, 58 F.4th 184, 186 (5th Cir. 2023)(noting that § 3582(c)(1)(A) is often referred to as a "compassionate release" because courts typically use it for prisoners with severe medical issues or conditions).

receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that (i) extraordinary and compelling reasons warrant such a reduction.[48]

Additionally, a sentencing reduction must be "consistent with applicable policy statements issued by the Sentencing Commission."[49] "Section 3582 does not define extraordinary and compelling reasons. Congress left that task to the Sentencing Commission, though Congress did insist that rehabilitation of the prisoner alone cannot justify a reduced sentence."[50] The Sentencing Commission, after the passage of the First Step Act in 2018, amended the Guidelines by extending the applicability of the policy statement provided in U.S.S.G. § 1B1.13(b).[51] Effective November 1, 2023, § 1B1.13(b) provides six categories of circumstances that may constitute "extraordinary and compelling reasons[,]" which are (1) the medical circumstances of the defendant; (2) the age of the defendant; (3) the family circumstances of the defendant; (4) whether the defendant was a victim of abuse while in custody; (5) other reasons similar in gravity to those previously described; and (6) an unusually long sentence.[52]

Accordingly, to successfully bring a compassionate release motion, a prisoner must clear four hurdles by showing that (1) he exhausted his administrative

---

[48] 18 USC § 3582(c)(1)(a)(i).
[49] 18 USC § 3582(c)(1)(a)(ii).
[50] *United States v. Jackson*, 27 F.4th 1088, 1090 (5th Cir. 2022)(citation modified).
[51] United States Sentencing Commission, *Amendment 814 to the Sentencing Guidelines* (2023), https://perma.cc/HG4Y-HLHV.
[52] *Id.*; U.S. SENT'G GUIDELINES MANUAL, §§ 1B1.3(b)(1)-(6) (U.S. SENT'G COMM'N 2023).

remedies; (2) "extraordinary and compelling reasons" justify a sentence reduction; (3) a reduction is consistent with the applicable policy statements promulgated by the Commission; and (4) the § 3553(a) factors weigh in favor of a sentence reduction.[53]

### III.   ANALYSIS

Payton argues that he is entitled to a compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).[54] The Court takes each element in turn.

### 1. *Exhaustion of Administrative Remedies*

Although the parties do not dispute that Payton has exhausted his administrative remedies,[55] the Court must assure itself of its jurisdiction to hear this matter. Pursuant to § 3582(c)(1)(A), a prisoner must first exhaust his administrative remedies before he files a motion for compassionate release. "Section 3582(c)(1)(A)'s text states plainly that a prisoner has the option to file his motion in the district court upon the expiration of one of two events: (1) once he 'has fully exhausted all administrative rights to appeal . . . or' (2) after 'the lapse of 30 days from the receipt of such a request by the warden.'"[56] As pertinent here, a prisoner's first step is to request that the Bureau of Prisons bring a motion on behalf of the prisoner.[57] Next, if the Bureau of Prisons denies a prisoner's motion, he may file a motion with a district court.[58]

---

[53] *See Jackson*, 27 F.4th at 1089.
[54] R. Doc. 124.
[55] *Id.* at p. 5; R. Doc. 126 at p. 1.
[56] *United States v. Garrett*, 15 F.4th 335, 338 (5th Cir. 2021)(quoting 18 U.S.C. § 3582(c)(1)(A)(emphasis removed)).
[57] *United States v. Franco*, 973 F.3d 465, 467 (5th Cir. 2020)
[58] *Garrett*, 15 F.4th at 338.

Here, as the parties stipulate, the Court finds that Payton has exhausted all his administrative remedies to prior to bringing the instant Motion.[59] On February 18, 2025, Payton filed an "Inmate Request to Staff" asking the warden to file a compassionate release motion on his behalf.[60] The warden denied Payton's request on February 24, 2025,[61] and Payton filed the instant Motion on May 19, 2025.[62] Finding that Payton has exhausted all his administrative remedies, the Court determines that it has jurisdiction to hear this matter and thus continues its analysis.

### 2. *Extraordinary and Compelling Reasons*

Payton asserts that pursuant to the Fifth Circuit's decision in *United States v. Minor*, he would not be classified as a career offender under U.S.S.G. § 4B1.1 if sentenced today.[63] Therefore, according to Payton, the Fifth Circuit's change in the law constitutes an extraordinary and compelling reason.[64] The Government, in opposition, contends that although Payton would not be a career offender if he was sentenced today, the change in the law is non-retroactive and therefore does not qualify as an extraordinary and compelling reason under § 3582(c)(1)(A).[65]

Under § 3582(c)(1), "prisoners have extraordinary and compelling reasons for relief only when they face some extraordinarily severe exigency, not foreseeable at the

---

[59] R. Doc. 124 at p. 5; R. Doc. 126 at p. 1.
[60] R. Doc. 124-1 at p. 2.
[61] *Id.* at p. 3.
[62] R. Doc. 124.
[63] *Id.* at p. 7.
[64] *Id.* at p. 12.
[65] R. Doc. 126 at p. 4.

time of sentencing, and unique to the life of the prisoner."[66] As further explained by the Fifth Circuit:

> A non-retroactive change in the law affects every prisoner previously sentenced under that provision in the exact same way. And by its terms, a nonretroactive change in the law has zero effect on defendants already in prison. Thus, a non-retroactive change in law is, by definition, neither an extraordinarily severe exigency nor unique to the life of the prisoner.[67]

Thus, it is clear that "'[a] prisoner may not leverage non-retroactive changes in criminal law to support a compassionate release motion, because such changes are neither extraordinary nor compelling.'"[68] Usually, the Court's analysis would turn to whether the Fifth Circuit's decision in *United States v. Minor* is a non-retroactive change in the law. Because, however, the Court finds that the § 3553(a) factors do not support a compassionate release, the Court need not address such issue nor any other element of a successful compassionate release motion.[69]

### 3. *Section 3553(a) Factors*

Even assuming Payton has demonstrated extraordinary and compelling circumstances warranting sentence reduction, he is not entitled to relief

---

[66] *United States v. Austin*, 125 F.4th 688, 692 (5th Cir. 2025)(internal quotation marks omitted).

[67] *Id.* (citation modified).

[68] *Id.* (quoting *United States v. McMaryion*, No. 21-50450, 2023 WL 4118015, at *2 (5th Cir. June 22, 2023) (per curiam)).

[69] *See United States v. Ladner*, CRIMINAL ACTION No. 22-180, 2025 WL 932773, at *1 (E.D. La. Mar. 27, 2025)(Africk, J.)("A district court has the authority to deny compassionate release based on the § 3553(a) factors alone."). Nonetheless, regarding the third element of a successful compassionate release motion, whether a reduction is consistent with the applicable policy statements promulgated by the Commission, the Court finds that Payton has not shown any extraordinary and compelling reasons exists under U.S.S.G. § 1B1.13. Payton has not raised any medical, age, family, abusive, or length of sentence circumstances warranting sentence reduction. *See* R. Doc. 124. The Court disagrees that Payton's completed rehabilitation programs constitute other compelling and extraordinary circumstances under U.S.S.G.§ 1B1.13(b)(5). Regardless, "[t]his policy statement does not bind courts, but serves to inform its analysis for determining sufficient circumstances to merit compassionate release." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021).

under § 3582 because the § 3553(a) factors weigh against his release.[70] Section 3553(a) provides courts with numerous factors to consider when imposing a sentence, including:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.][71]

As an initial matter, the Court determines that the nature and circumstances of the offense and the history and characteristics of the defendant weigh heavily against granting compassionate release. As explained by the Government:

> In considering his motion for a reduction in sentence this Court should also consider the fact that Payton's involvement in criminal conduct has increased over the years, not decreased. This present case involved three kilograms of cocaine, which is approximately $75,000 - $90,000 worth of drugs, wholesale, with a much higher street value. He also possessed a firearm. (See PSR, ¶¶ 25, 26). This most recent crime is much more serious than his two previous distribution convictions, which shows that he has not decided to remove himself from the criminal element. In fact, he has further immersed himself in it.[72]

---

[70] *United States v. Wells*, CRIMINAL ACTION NO. 13-151, 2023 WL 3976188, at *2 (E.D. La. June 13, 2023)(Fallon, J.)("A district court may deny relief based on the applicable 18 U.S.C. § 3553(a) factors without reaching whether a defendant has extraordinary and compelling reasons for release."); *see also United States v. Samak*, CRIMINAL DOCKET NO. 91-189, 2020 WL 4050365, at *4 (E.D. La. July 20, 2020)(Morgan, J.)("Even if Samak had demonstrated 'extraordinary and compelling' circumstances warranted a reduction in his sentence, he would nevertheless not be entitled to relief under § 3582 because the § 3553(a) factors weigh heavily against his release.").

[71] 18 U.S.C. § 3553(a).

[72] R. Doc. 126 at p. 5.

The Court, too, agrees that Payton's involvement in criminal conduct has seemingly escalated in magnitude. Further, while recognizing—and commending—Payton for completing various rehabilitation programs to better himself, the Court notes that Payton has committed a serious drug crime and that he has already received a downward variance at his sentencing hearing.[73]

Second, the Court finds that the need for the sentence imposed to promote respect for the law also weighs heavily in its decision in denying compassionate release. In 2007, Payton pled guilty to possession with intent to distribute cocaine in the 22nd Judicial District Court in St. Tammany Parish, Louisiana.[74] Yet, the conviction as issue here is for possession with intent to distribute 500 grams or more of cocaine hydrochloride in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).[75] Payton has not only repeated the same criminal conduct, but he has also escalated the magnitude his criminal conduct.[76]

Third, the Court finds that the need for the sentence imposed to protect the public from further crimes of the defendant likewise impacts its decision. As outlined in the Presentence Investigation Report, Payton has a long and serious history of criminal activity, including but not limited to an adult criminal conviction for manslaughter and operating a vehicle while intoxicated.[77] Moreover, while on parole

---

[73] R. Doc. 70. The Court has reviewed the numerous achievements Mr. Payton has reached while incarcerated and finds it very commendable that Mr. Payton has taken numerous steps to better himself and prepare himself for success upon his release. *See* R. Doc. 124-1.
[74] R. Doc. 61 at p. 10.
[75] R. Doc. 1; R. Doc. 54.
[76] R. Doc. 126 at p. 5.
[77] R. Doc. 61 at pp. 9–13.

related to his manslaughter conviction, Payton apparently "absconded supervision[,]" thereby warranting a revocation of his parole.[78]

Accordingly, the Court finds the § 3553(a) factors counsel against reduction, specifically the nature of the offense and the history and characteristics of the defendant, the need for the sentence imposed to promote respect for the law, and the need for the sentence imposed to protect the public from further crimes. The Fifth Circuit is clear that "'[t]he district court has discretion to deny compassionate release if the Section 3553(a) factors counsel against a reduction.'"[79] Having found so, the Court denies compassionate release in this matter at this time.[80]

## IV.    CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody[81] is **DENIED**.

New Orleans, Louisiana, February 3, 2026.

**WENDY B. VITTER**
**United States District Judge**

---

[78] *Id.*

[79] *Jackson*, 27 F.4th at 1089 (quoting *Ward v. United States*, 11 F.4th 354, 359 (5th Cir. 2021)); *see also United States v. Samak*, 832 Fed. Appx. 330, 331 (5th Cir. 2020)(finding that the district court did not abuse its discretion when the district court, without addressing whether defendant had established extraordinary and compelling circumstances, denied compassionate release based solely on the § 3553(a) factors).

[80] The Court also points out that its previous sentence was a downward variance from the guideline range of 188-235 months. *See* R. Doc. 98 at p. 25, p. 44, and p. 47.

[81] R. Doc. 124.